UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL WILLIAM OHRT,<br><br>                              Petitioner,<br><br>vs.<br><br>JOSH TEWALT, Director of the Idaho<br>Department of Correction,[1]<br><br>                              Respondent. | Case No. 2:23-CV-00469-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Randall William Ohrt (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 1. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and

---

[1] *Habeas corpus*, translated from Latin, means "produce the body." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Thus, a jurisdictional requirement for habeas corpus actions is the naming of a proper respondent— one who has the power to produce the petitioner if a writ issues. Petitioner, an Idaho prisoner, is residing in an Arizona prison under contract to the state of Idaho. The Court substitutes as Respondent the Idaho Department of Correction Director, who is the legal custodian of Petitioner. *See* Rule 2(a), Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court.").

**INITIAL REVIEW ORDER - 1**

any attached exhibits that the petitioner is not entitled to relief in the district court," the

petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that Petitioner may proceed.

## REVIEW OF PETITION

### 1. Background

Petitioner pleaded guilty to and was convicted of domestic battery/aggravated

assault in a criminal case in the First Judicial District Court in Benewah County, Idaho.

On May 15, 2020, he was sentenced to a term of imprisonment of 10 years fixed, with 5

years indeterminate. Under his plea agreement, he did not pursue a direct appeal. He

filed post-conviction action in state court, but received no relief.

### 2. Discussion

In this action, Petitioner brings two claims, neither of which appear to be within

the Court's habeas jurisdiction.  His first claim is one of newly discovered evidence,

leading to a showing of actual innocence. Dkt. 1, p. 7. Federal habeas corpus is a unique

and narrow cause of action. The United States Supreme Court has made it clear that

"[c]laims of actual innocence based on newly discovered evidence have never been held

to state a ground for federal habeas relief absent an independent constitutional violation

occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390,

400 (1993). This prohibition exists because "federal habeas courts sit to ensure that

individuals are not imprisoned in violation of the Constitution—not to correct errors of

**INITIAL REVIEW ORDER - 2**

fact." *Id.* (citing *Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923) (Holmes, J.) ("[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved."). Petitioner cannot proceed on this claim under a theory of actual innocence, but if the facts support a constitutional claim that was raised in all post-conviction proceedings, ending with the Idaho Supreme Court, he may file an amendment to clarify that claim.

Petitioner's second claim appears to be a variation on the first. He asserts that procedural defects in his criminal proceeding rise to the level of a "fundamental defect" and a "complete miscarriage of justice." Dkt. 1, p. 8. He asserts that "violations of state law are cognizable in this case because as the attached evidence of transcript will attest the continued violations by the state of Idaho amount to and are of a constitutional magnitude." *Id.*

However, for federal habeas corpus purposes, the United States Supreme Court "repeatedly has held that state courts are the ultimate expositors of state law, and that [the federal courts] are bound by their constructions except in extreme circumstances." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Generally, federal habeas corpus relief is "unavailable for alleged error in the interpretation or application of state law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citations omitted), *cert. denied*, 478 U.S. 1021 (1986); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). In particular, federal habeas corpus relief "is not available when a petitioner merely alleges that something in the state

**INITIAL REVIEW ORDER - 3**

proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts." *Middleton*, 768 F.2d at 1085–86.

Two exceptions exist. A federal court is bound by a state court's interpretation of state law *unless* the state court's interpretation (1) is untenable or (2) amounts to an obvious subterfuge to avoid federal review of a constitutional violation. *See Wilbur*, 421 U.S. at 691 n.11 (1975). In *Wilbur*, the federal district court found that the state court's statutory interpretation did *not* meet this test because, "even assuming [the interpretation] to be novel, [it] does not frustrate consideration of the due process issue." *Id*. *Wilbur* relied on *Terre Haute & I. R. Co. v. Indiana ex rel. Ketcham*, 194 U.S. 579, 589, (1904), as an example of the rare case where an untenable interpretation *did* amount to a subterfuge:

> The state court has sustained a result which cannot be reached, except on what we deem a wrong construction of the charter, without relying on unconstitutional legislation. It clearly did rely upon that legislation to some extent, but exactly how far is left obscure. We are of opinion that we cannot decline jurisdiction of a case which certainly never would have been brought but for the passage of flagrantly unconstitutional laws, because the state court put forward the untenable construction more than the unconstitutional statutes in its judgment. To hold otherwise would open an easy method of avoiding the jurisdiction of this court.

*Id*. at 589.

**INITIAL REVIEW ORDER - 4**

In *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994), the United States Court of Appeals for the Ninth Circuit considered and rejected the *Wilbur* "obvious subterfuge" exception:

> Peltier argues that when the state judge originally ordered five years' probation and that he be held in county jail for sixty days, this constituted a sentence, rather than the withholding of imposition of judgment. However, the Idaho Supreme Court reviewed this issue and found that Peltier's judgment was initially withheld, notwithstanding any inconsistency in the written order. In addition, it found that the sixty days spent in county jail was a condition of the probation, rather than part of a sentence. Idaho's interpretation of whether the state judge's order constituted a withholding of judgment or a sentence is a question of state law. "A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. It is unavailable for alleged error in the interpretation or application of state law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985) (citations omitted), *cert. denied*, 478 U.S. 1021, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986).
>
>          \*   \*   \*
>
> There is no such subterfuge here, therefore we must accept the Idaho Supreme Court's interpretation that the original order constituted a withholding of judgment, and that the sixty days spent in county jail constituted a condition of Peltier's probation.

15 F.3d at 861–62.

Here, in contrast to the two claims Petitioner has decided to bring in this habeas corpus petition—which may not be cognizable as federal constitutional claims—it appears that he brought several potentially cognizable federal constitutional claims in his

**INITIAL REVIEW ORDER - 5**

post-conviction petition, including ineffective assistance of counsel under the Sixth Amendment, prosecutorial misconduct under the Fourteenth Amendment, and various trial errors under the Fifth, Sixth, and Fourteenth Amendments. *See* Dkt. 1, p. 3. The Court will give Petitioner leave to amend his petition to also assert those claims if he desires. Because it is necessary for a federal habeas petitioner to bring all of his federal constitutional claims before the Idaho Supreme Court before bringing them in a federal habeas petition (see exhaustion explanation, below), it is often wise for petitioners simply to copy the federal claims from their post-conviction appellate cases into their federal habeas petitions. Petitioner is free to amend or not to amend in this instance.

If Petitioner did not properly exhaust any of his claims in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to make a determination on proper exhaustion. The Court will give Petitioner the opportunity to amend over the next 30 days. If he does not file an amendment within 30 days after entry of this Order, then the Clerk of Court will serve the original Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court. If Petitioner does file an amended petition, the Clerk of Court will serve the amended petition upon respondent.

**INITIAL REVIEW ORDER - 6**

1. **Standards of Law**

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

    **A.**    *Exhaustion of State Court Remedies*

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows

**INITIAL REVIEW ORDER - 7**

either (1) legitimate cause for the default and prejudice resulting from the default, or,

alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would

occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate

that some objective factor external to the defense impeded his or his counsel's efforts to

comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488

(1986). To show "prejudice," a petitioner bears "the burden of showing not merely that

the errors [in his proceeding] constituted a possibility of prejudice, but that they worked

to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of

constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim,

he can still raise the claim if he demonstrates that the court's failure to consider it will

result in a "fundamental miscarriage of justice." *Herrera v. Collins*, 506 U.S. 390, 404

(1993). A miscarriage of justice means that a constitutional violation has probably

resulted in the conviction of someone who is actually innocent. *Murray*, 477 U.S. at 496.

To show a miscarriage of justice, a petitioner must make "a colorable showing of factual

innocence." *Herrera*, 506 U.S. at 404. Where the petitioner pleaded guilty and did not

have the evidence in his case evaluated by a jury, he must show that, based on all of the

evidence, "it is more likely than not that no reasonable juror would have found Petitioner

guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v.*

**INITIAL REVIEW ORDER - 8**

*Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

It is important to note the distinction that actual innocence is not a substantive claim that warrants relief in noncapital cases. *See Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011) (en banc) (statute of limitations context) (relying on *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). Instead, if a petitioner brings forward evidence that "demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt," actual innocence serves only as a "gateway" to permit the federal court to hear Petitioner's otherwise procedurally-barred constitutional claims on the merits. *Id*. at 937.

### C. *Merits Determination*

For any properly-exhausted claim, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under § 2254(d)(1), review is limited to the record that was before the state court that adjudicated the claim on the merits, and new

factual development generally is not permitted. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

If the state appellate court did not decide a properly-asserted federal claim, if the state court's factual findings are unreasonable under § 2254(d)(2), or if an adequate excuse for procedural default exists, then § 2254(d)(1) does not apply, and the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). The de novo review standard permits a district court to draw from both United States Supreme Court and circuit precedent, limited by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989). Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. In other de novo review instances, a petitioner may be permitted to bring new evidence in the federal habeas corpus proceeding if he or she shows an entitlement to do so under the law. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014); 28 U.S.C. § 2254(e)(2).

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall update the docket to reflect the correct substituted Respondent.

2. Petitioner may, but is not required to, file an amended habeas corpus petition within 30 days after entry of this Order.

**INITIAL REVIEW ORDER - 10**

3.  After the 30-day time period expires, the Clerk of Court shall serve (via ECF) a copy of Petitioner's amended petition (or if no amended petition is filed, the original Petition (Dkt. 1)), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

4.  Within **120 days** after Respondent is served with the pleadings, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

5.  Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented.

**INITIAL REVIEW ORDER - 11**

Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or

filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

**INITIAL REVIEW ORDER - 13**

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: January 16, 2024

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER** - 14