UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL WILLIAM OHRT,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>JOSH TEWALT, Director of the Idaho Department of Correction,<br><br>　　　　　　Respondent. | Case No. 2:23-CV-00469-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Petitioner Randall William Ohrt (Petitioner) filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 1. Respondent Josh Tewalt (Respondent) filed a Motion for Summary Dismissal on procedural grounds. Dkt. 12. The Motion is now fully briefed. Dkts. 18, 20.

　　　　Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order.

### REVIEW OF MOTION FOR SUMMARY DISMISSAL

1. **Background**

　　　　Petitioner pleaded guilty to and was convicted of domestic battery/aggravated assault in a criminal case in the First Judicial District Court in Benewah County, Idaho. On

**MEMORANDUM DECISION AND ORDER - 1**

May 15, 2020, he was sentenced to a term of imprisonment of 10 years fixed, with 5 years indeterminate. He did not complete a direct appeal. He filed post-conviction action in state court, but received no relief. *See* Dkt. 1.

## 2. Discussion: Cognizability

In this action, Petitioner brings two claims. Both appear to be based on grounds not cognizable in habeas corpus, which means no relief can be granted because the Court is without jurisdiction to address these types of claims.

His first claim is one of newly discovered evidence, leading to a showing of actual innocence. Dkt. 1, p. 7. Federal habeas corpus is a unique and narrow cause of action. The United States Supreme Court has made it clear that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). This prohibition exists because "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id*. (citing *Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923) (Holmes, J.) ("[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved."). Petitioner cannot proceed on this claim under a stand-alone theory of newly discovered evidence and/or a theory of

**MEMORANDUM DECISION AND ORDER - 2**

actual innocence, and it will be dismissed for failure to state a federal claim upon which relief can be granted.

Petitioner's second claim asserts that procedural defects in his criminal proceeding rise to the level of a "fundamental defect" and a "complete miscarriage of justice." Dkt. 1 at 8. He asserts that "violations of state law are cognizable in this case because as the attached evidence of transcript will attest the continued violations by the state of Idaho amount to and are of a constitutional magnitude." *Id*. Petitioner challenges the successive post-conviction judge's decision to issue a notice of intent to dismiss after the original judge had set a "trial date" in the post-conviction matter.

For federal habeas corpus purposes, the United States Supreme Court "repeatedly has held that state courts are the ultimate expositors of state law, and that [the federal courts] are bound by their constructions except in extreme circumstances." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (internal citations omitted). Generally, federal habeas corpus relief is "unavailable for alleged error in the interpretation or application of state law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citations omitted), *cert. denied*, 478 U.S. 1021 (1986); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). In particular, federal habeas corpus relief "is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically

**MEMORANDUM DECISION AND ORDER - 3**

protects against the alleged unfairness or guarantees the procedural right in state courts." *Middleton*, 768 F.2d at 1085–86.

It is true, as Plaintiff alleges, that the first state court judge said, "I'm just putting you on notice that the trial date—that hearing date may get moved around, depending on what the new judge decides to do with it. But I don't want this case to just lay in the weeds. I want to get some deadlines so that we can get it resolved one way or the other." State's Lodgings B-4 at 14; C-4 at 2. The Idaho Court of Appeals rejected this statement as an indication that the state district court was granting the petition on the merits and scheduling a new jury trial in the criminal case; rather, the statement was made in the context of a post-conviction case that had the potential to stagnate—no motion to dismiss had been filed, the county deputy prosecutor was going to leave her post, and a new judge would soon be appointed. The judge told the parties he set the case on a course to be completed "one way" (summary dismissal) or "another" (a hearing). State's Lodging C-4 at 12-14. That is, if the State did not file a motion for summary dismissal, or the new judge did not sua sponte enter a notice of intent to summarily dismiss the petition, then the case necessarily would proceed to a bench trial (but not necessarily an evidentiary hearing). The Petition was eventually dismissed via sua sponte summary dismissal.

Petitioner's claim is factually groundless: there is no order in the record showing the original judge granted the post-conviction petition on the merits or ordered a new criminal trial. There are no legal grounds forbidding a successive judge to summarily

**MEMORANDUM DECISION AND ORDER - 4**

dismiss a post-conviction petition after notice to Petitioner that she intended to take that action, *see* State's Lodging B-2 at 90-116, simply because the original judge had set a bench trial in a scheduling order. *Id.* The Idaho Court of Appeals' decision aligns with the course of events in the state district court and the procedural posture of the case.

Because this is merely a state law procedural issue, it is not a cognizable federal habeas corpus claim and is thus subject to dismissal for failure to state a federal claim upon which relief can be granted.

### 3. Discussion: Statute of Limitations

#### A. *Standard of Law for Timeliness*

Petitioner's challenge to his state court criminal judgment is governed by Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This statute requires a federal habeas corpus petition to be filed within one year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). *One year* means 366 days, for example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

The most common trigger is the first one, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That date can be calculated as follows.

**MEMORANDUM DECISION AND ORDER - 5**

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each instance above, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 565 U.S. 134, 149-150 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Because this particular statutory provision applies only to "pending" actions, the

**MEMORANDUM DECISION AND ORDER - 6**

additional 21-, 42- and 90-day time periods associated with the calculation of finality after direct appeal are *not* applied to extend the tolling periods for post-conviction actions. However, unlike direct appeal "finality," the term "pending" *does* extend through the date of the remittitur.[1]

The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before a post-conviction action was filed.

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

### B. *Standard of Law for Equitable Tolling*

If a petition is deemed untimely, a federal court can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, the Supreme Court clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

---

[1] *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). "Pending" is determined according to each particular state's law. In Idaho, an appellate case remains pending until a remittitur is issued. *See Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Idaho Ct. App. 1999).

**MEMORANDUM DECISION AND ORDER - 7**

rights diligently, and (2) that some extraordinary circumstances stood in his way." 544 U.S. 408, 418 (2005). In addition, there must be a causal link between the lateness and the extraordinary circumstances. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

Ignorance of the law without more, is not grounds for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a petitioner's "inability correctly to calculate the limitations period" and "lack of legal sophistication" are not "extraordinary circumstance[s] warranting equitable tolling")).

### C. *Standard of Law for Actual Innocence*

The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations, and that the exception applies where a petitioner meets the rigorous actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383 (2013). "'Actual innocence' means factual innocence, and not mere legal insufficiency." *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

To make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Perkins*, 569 U.S. at 400 (quoting *Schlup*, 513 U.S. at

**MEMORANDUM DECISION AND ORDER - 8**

327). This exception is to be applied only in the "extraordinary" or "extremely rare" case. *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup*, 513 U.S. at 320-21.

### D. *Analysis*

Petitioner's state criminal judgment of conviction was entered on May 15, 2020. State's Lodging A-11. He did not file a timely notice of appeal, and the district court denied his motion for an extension of time in which to do so. State's Lodging A-12; *see also* Dkt. 1 at 2. As a result, his conviction became final 42 days later, on June 26, 2020, and his federal statute of limitations began to run on June 27, 2020. It ran until June 22, 2021 (360 days later), when Petitioner filed his post-conviction petition (mailbox rule). State's Lodging B-2 at 6-10. The statute was tolled during post-conviction proceedings in the state district and appellate courts until May 9, 2023, when the Idaho Supreme Court denied the petition for review. State's Lodging C-10. The federal statute of limitations began running on May 10, 2023, with only five days left, and expired on May 15, 2023. Petitioner did not file his federal Petition in this action until October 16, 2023, approximately five months too late.

Petitioner does not argue that the Petition is timely or that actual grounds for equitable tolling exist. *See* Dkt. 18. He simply argues that the first state post-conviction judge made a decision on the merits of the claims and ordered a new criminal trial, and the second judge had no authority to deviate from the original judge's scheduling order. As discussed above, he points to no order in the record supporting these contentions.

**MEMORANDUM DECISION AND ORDER - 9**

To the extent that Petitioner has argued he is actually innocent because he was wrongfully deprived of a new trial, that argument is based on the same misinterpretation of the record, and it is rejected. Plaintiff's claims were filed too late. No legal excuses for the untimely filing apply.

### 4. Conclusion

Petitioner's claims are subject to dismissal for two separate procedural reasons. First, his claims are not cognizable. Second, he filed his Petition outside the statute of limitations period. For each of these reasons, the Petition will be dismissed.

## ORDER

**IT IS ORDERED:**

1. The Motion to Dismiss (Dkt. 12) is GRANTED.

2. The Motion for Extension of Time to File Reply (Dkt. 19) is GRANTED.

3. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED on alternative grounds: dismissal for failure to state a federal claim upon which relief can be granted and dismissal with prejudice on statute of limitations grounds.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner

may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: February 26, 2025

B. Lynn Winmill
U.S. District Court Judge